IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRUSTEES OF THE ASBESTOS WORKERS LOCAL NO. 87 DEFINED CONTRIBUTION PLAN; TRUSTEES OF THE SOUTHWEST HEALTH BENEFITS FUND; AND TRUSTEES OF THE ASBESTOS WORKERS LOCAL NO. 87 JOINT APPRENTICESHIP FUND, <br><br>    Plaintiffs <br><br> VS. <br><br> PEAK INSULATION LLC, <br><br>    Defendant | CIVIL ACTION NUMBER 4:22-cv-2159 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Trustees of the Asbestos Workers Local No. 87 Defined Contribution Plan, Trustees of the Southwest Health Benefits Fund, and Trustees of the Asbestos Workers Local No. 87 Joint Apprenticeship Fund, hereinafter referred to collectively as "Plaintiffs," complain of and against Peak Insulation LLC, hereinafter referred to as "Defendant," and for cause of action would respectfully show unto the Court as follows:

### NATURE OF THE ACTION

1. This is a cause of action for the collection of certain principal sums, interest, and fees by Trustees of employee benefit plans, the Asbestos Workers Local No. 87 Defined Contribution Plan, the Southwest Health Benefits Fund, and the Asbestos Workers Local No. 87 Joint Apprenticeship Fund, hereinafter referred to collectively as "Trust Funds," to secure performance by an employer for specific statutory and contractual obligations to submit contribution reports and to pay delinquent employer contribution payments, interest, and fees

1

thereon.  This Complaint alleges that by failing, refusing, or neglecting to submit contribution reports and to pay delinquent employer contributions and interest thereon to Plaintiffs' Trust Funds, Defendant violated a Collective Bargaining Agreement, the Trust Funds' Participation and Trust Agreements, and the Employee Retirement Income Security Act of 1974, as amended. Plaintiffs also request a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to require Defendant forthwith to submit to a payroll audit and, based on the results of that audit, to submit delinquent employer contribution reports and to pay delinquent employer contributions to the Trust Funds in order to prevent irreparable harm to the Trust Funds and Defendant's employees, as well as their beneficiaries and dependents, under the terms of a Collective Bargaining Agreement as contemplated by Section 301 (29 U.S.C. Section 185) of the Labor Management Relations Act (29 U.S.C. Section 141, *et seq*.), hereinafter called the "LMRA."

## JURISDICTION

2. Jurisdiction lies in this Court by the express terms of Section 301(a) of the LMRA as against an employer engaged in an industry affecting commerce, under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) [29 U.S.C. Sections 1132 and 1145], as amended, and under the Multiemployer Pension Plan Amendments Act of 1980, 94 Stat. 1208, [29 U.S.C. Sections 1132, 1145 and 1451].  Jurisdiction is further conferred upon this Court pursuant to 28 U.S.C. Section 1331 based upon a federal question.  Jurisdiction is further conferred on this Court under 28 U.S.C. Section 1337 based upon civil actions arising under Act of Congress regulating commerce.  Defendant has availed itself upon the jurisdiction of this Court by working and doing business within the jurisdiction of this Court and the jurisdiction of Plaintiffs' Collective Bargaining Agreement with Defendant.

## VENUE

3. Venue properly lies within the Southern District of Texas, Houston Division, pursuant to Section 502(e)(2) of ERISA, [29 U.S.C. Section 1132(e)(2)].  Service of process may be made on Defendant in any other district in which it may be found pursuant to ERISA Section 502(e)(2), [29 U.S.C. Section 1132(e)(2)].

## PARTIES

4. **Plaintiffs, Trustees of the Asbestos Workers Local No. 87 Defined Contribution Plan**, ("D.C. Plan") are the Administrators of an employee pension benefit plan and employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(2) and (3) and 1132(d)(1)].  The D.C. Plan is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145].  The Board of Trustees of the D.C. Plan is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)].  The purpose of the Defined Contribution Retirement Plan is to provide an annuity benefit to eligible participants on whose behalf employers contribute under the Collective Bargaining Agreements with the International Association of Heat and Frost Insulators and Allied Workers Local 87.  The D.C. Plan maintains its office and is administered at Benefit Resources, Inc., 8441 Gulf Freeway, Suite 304, Houston, Texas 77017.

5. **Plaintiffs, Trustees of the Southwest Health Benefits Fund**, ("Health Benefits Fund") are the Administrators of an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(1) and (3) and 1132(d)(1)] and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145].  The Board of Trustees of the

Health Benefits Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d) (1)]. The purpose of the Health Benefits Fund is to provide health and welfare benefits to eligible participants and their dependents on whose behalf employers contribute pursuant to the Collective Bargaining Agreements with the International Association of Heat and Frost Insulators and Allied Workers Local 87. The Health Benefits Fund maintains its office and is administered at Benefit Resources, Inc., 8441 Gulf Freeway, Suite 304, Houston, Texas 77017.

6. **Plaintiffs, Trustees of the Asbestos Workers Local No. 87 Joint Apprenticeship Fund** ("Apprenticeship Fund"), are the Administrators of an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and 3 and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(1) and (3) and 1132(d)(1)] and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the Apprenticeship Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)]. The purpose of the Apprenticeship Fund is to provide apprentice training and upgrading benefits to eligible participants on whose behalf employers contribute pursuant to the Collective Bargaining Agreements with the International Association of Heat and Frost Insulators and Allied Workers Local 87. The Apprenticeship Fund maintains its office and is administered by its Board of Trustees at 497 N. Krueger Ave., New Braunfels, Texas 78130.

7. **Defendant, Peak Insulation LLC,** is a limited liability company residing in Pflugerville, Travis County, Texas and doing business within the jurisdiction of Plaintiffs' Trust Funds.

**Peak Insulation LLC** is an employer within the contemplation of Sections 3(5) and 515 of ERISA [29 U.S.C. Sections 1002(5) and 1145] and may be reached for service of process by serving its Registered Agent, Northwest Registered Agent LLC, 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

### FACTS

8. On or about September 29, 2021, Defendant Peak Insulation LLC executed and delivered to the International Association of Heat and Frost Insulators and Allied Workers Local 87 an Agreement for Adoption that provides, *inter alia* for the payment of employer contributions for employee benefits. It sets forth the obligations of Defendant to comply with the established Plaintiffs' Trust Funds wherein Defendant promised to comply with the terms and conditions as set forth therein. The negotiated contract between the Plaintiffs' Trust Funds and Defendant provides for certain monetary contributions being paid into the Plaintiffs' Trust Funds and is more specifically set forth in the respective Declarations of Trust and all amendments thereto.

9. The Trust Funds named herein are express trusts created under Agreements and Declarations of Trust between the International Association of Heat and Frost Insulators and Allied Workers Local 87, as Union, and various employers and other employer associations in the insulator and firestopper industry in Texas, as employer. The Trust Funds were created and now exist subject to the provisions of Section 302, LMRA (29 U.S.C. Section 186).

10. The Trust Fund Agreements provide for an audit to be made of the payroll and wage records of an employer in connection with the contributions and reports that are to be made by the employer, at the discretion of the Trustees at any reasonable time.

By these agreements, Defendant promised that in the event any of the monthly contributions were not paid when due, Defendant would pay Plaintiffs, on account of each delinquency, interest at the rate of one percent per month, auditor's and attorney's fees, and a sum designated as liquidated damages, and not as a penalty.

11. That by the terms of the Trust Agreements for Plaintiff Trust Funds and the Collective Bargaining Agreement heretofore mentioned, Defendant became obligated to make payments on the employees covered by the Collective Bargaining Agreement in effect in the area in which it was operating or working by virtue of the agreements. That Defendant agreed to deposit welfare benefit and pension benefit contributions each month, or at such regular intervals as may be determined by the Trustees of the Trust Funds, to the depository designated by the Trustees.

## FIRST COUNT

## ERISA VIOLATIONS AND BREACH OF CONTRACT

12. That Defendant breached its agreements with Plaintiffs by failing to make <u>any</u> requisite payments of monthly employer contributions to Plaintiffs' Trust Funds; such breach is believed to have occurred beginning in or about February 2022 through the present.

13. In order to account for those employer contributions not remitted to Plaintiffs' Trust Funds, a payroll audit of Defendant's books and records is necessary.

14. Plaintiffs would further show that several demands have been made on Defendant to submit employer contribution reports and pay the deficient contributions and interest under the agreements referred to above, but the Defendant has wholly failed to submit the reports or make such payment and is therefore additionally liable for continued delinquent employer contributions plus liquidated damages, interest, and attorney's fees, as hereinafter alleged.

15. That under the agreements and 29 U.S.C. Section 1132, Plaintiffs are additionally entitled to interest at the rate of one percent (1%) per month of the principal deficient amount from the date the monies were due Plaintiffs, liquidated damages in the amount not to exceed ten percent (10%) of the aggregate of principal, and accrued interest upon the date of payment to Plaintiffs.

16. Plaintiffs are authorized to collect, on behalf of the Local Union 87 sponsoring each of the Taft-Hartley employee benefit plans, working assessments and supplemental dues. These monetary amounts have been contracted for by and between Defendant and the International Association of Heat and Frost Insulators and Allied Workers Local 87 and have accordingly been deducted from the employees' wages to be paid directly to the administrative manager of Plaintiffs' Trust Funds for distribution to the International Association of Heat and Frost Insulators and Allied Workers Local 87. Defendant failed to make payments of working assessments and supplemental dues for the period February 2022 through the present. On behalf of Local Union No. 87, Plaintiffs request this Court to Order Defendant to pay the working assessments and supplemental dues as requested.

## SECOND COUNT

## CLAIM FOR INJUNCTIVE RELIEF

17. Defendant has failed and refused to pay employer contributions and submit contribution reports even after numerous demands for payments made by Plaintiffs.

18. By failing, neglecting, or refusing to submit required contributions and reports to Plaintiffs, Defendant violated Section 515 of ERISA [29 U.S.C. Section 1145] as well as the employee welfare benefit funds' and employee pension benefit funds' Participation Agreement

and Trust Agreements which are enforceable under Section 502(a)(3) of ERISA [29 U.S.C. Section 1132(a)(3)].

19. The Health Benefits Fund depends on receipt of current employer contributions and investment income thereon to meet its premium obligations under the Plan. The Health Benefits Fund expected and relied on receipt of contributions from the Defendant in undertaking financial commitments, including the obligation to pay benefits to Defendant's employees and their dependents and other Plan participants and dependents not working for the Defendant but working for other employers within the Plan. The loss of this expected income has caused the Health Benefits Fund irreparable harm in that it has used up reserves, foregone investment income, and otherwise suffered financial distress.

20. The Board of Trustees has been reluctant to cut off the benefits to Defendant's innocent employees who are Plan participants, and their dependents, in consideration of the distress such action would cause them and their families. However, the Health Benefits Fund can no longer afford to continue providing benefit coverage to Defendant's employees and dependents without receipt of all due contributions; and the Board of Trustees will be compelled to terminate benefits if the Court does not grant preliminary relief.

21. Defendant's actions have caused irreparable harm to its employees and their dependents in that, if the Board of Trustees is compelled to expel Defendant from participation in the Health Benefits Fund and/or withholds eligibility and benefits to Defendant's employees and their dependents, irreparable harm will result in that the employees and their dependents will immediately lose their benefits under the Health Benefits Plan.

22. The plan participants of Plaintiff D.C. Plan depend on receipt of current employer contributions in order to maintain their individual accounts for investment in the various

investment options provided by the Trustees.  Without the employer contributions, the plan participant will not receive all the potential investment income attributed to the hours worked by the participant.  The harm done to each affected plan participant may be incalculable based upon the market conditions and lost investment opportunity.

23. There exists no prompt or adequate remedies at law to redress the violation of ERISA as set forth herein above.

24. It has been necessary for Plaintiffs to engage the law firm of Conner & Winters, LLP for the purpose of recovering the contributions and damages required by the above-referenced agreements and seeking injunctive relief, and Plaintiffs are entitled to actual attorney's fees in connection therewith.  In conformity with Section 502(g)(2) of ERISA (as amended 1980 [29 U.S.C. Section 1132(g)(2)]) for the enforcement of ERISA Section 515 (29 U.S.C. Section 1145), the Court, in which the judgment in favor of the Trust Funds is rendered, shall award the unpaid contributions, interest, attorney's fees, liquidated damages, and costs of court and, in accord with the law, Plaintiffs seek and demand payment thereof.

25. Plaintiffs have performed all conditions precedent on their part to be performed under the terms of the aforementioned agreements.

26. A true and correct copy of this Original Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by law, ERISA Section 502(h), 29 U.S.C. Section 1132(h).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited, in terms of law, to appear and answer herein, and upon final hearing hereof, Plaintiffs have judgment of and against Defendant as follows:

a. That Plaintiffs be entitled to full access of Defendant's payroll records for purposes of completing a payroll audit for the period February 2022 through the date of the audit;

b. Upon completion of the payroll audit of Defendant's payroll records, that Plaintiffs recover of and against Defendant the full amount due and owing the Asbestos Workers Local No. 87 Defined Contribution Plan, the Southwest Health Benefits Fund, and the Asbestos Workers Local No. 87 Joint Apprenticeship Fund;

c. That Local Union 87 of the International Association of Heat and Frost Insulators and Allied Workers be awarded unpaid supplemental dues and working assessments on behalf of the agencies for which they are empowered to collect these sums;

d. That Plaintiffs be awarded accrued pre-judgment interest on all contributions at the rate of one percent (1.0%) per month in accordance with the terms of the Trust Funds and enforced under ERISA Section 502(g)(2);

e. That Plaintiffs be awarded liquidated damages on all employer contributions now due and which accrued during the pendency of this action in accordance with ERISA Section 502(g)(2) and the Trusts Agreements, in an amount not to exceed 10% of the contributions due;

f. That a preliminary injunction be ordered against Defendant requiring submission of all employer contributions and delinquent employer contributions now due to the Plaintiffs immediately;

g. That an Order permanently enjoining Defendant and its agents, directors, officers, owners, successors, and assigns, for so long as they remain obligated to contribute to Plaintiffs, from failing, refusing, or neglecting to submit monthly employer contribution payments and monthly reports in a timely manner;

h. That Plaintiffs be awarded reasonable attorney's fees in accordance with ERISA Section 502(g)(2);

i. That Plaintiffs be awarded all costs of Court incurred herein; and

j. That Plaintiffs be awarded such other and further relief as the Court deems just.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/   Douglas M. Selwyn |
|  | Douglas M. Selwyn |
|  | S.D. TX No. 507 |
|  | State Bar No. 18022250 |
|  | dselwyn@cwlaw.com |
|  | Ashley L. Selwyn |
|  | S.D. TX No. 2276925 |
|  | State Bar No. 24088390 |
|  | aselwyn@cwlaw.com |
| OF COUNSEL: | 808 Travis Street, 23rd Floor |
| CONNER & WINTERS, LLP | Houston, Texas 77002 |
| 808 Travis Street, 23rd Floor | Telephone: (713) 650-3850 |
| Houston, Texas 77002 | Facsimile: (713) 650-3851 |
|  | ATTORNEYS IN CHARGE FOR PLAINTIFFS |